**F I L E D**

**UNITED STATES COURT OF APPEALS**

May 24, 2005

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GEOFFREY CHRIS CLEMENT,

Defendant-Appellant.

No. 04-1164
(D.C. No. 99-CR-383-N)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Geoffrey C. Clement was convicted by a jury of sixteen counts of wire and

interstate fraud in violation of 18 U.S.C. §§ 1341, 1343; thirteen counts of money

laundering in violation of 18 U.S.C. §§ 1956(a)(2)(A), 1957; and aiding and

abetting the same in violation of 18 U.S.C. § 2. The presentence report (PSR)

grouped the wire fraud and money laundering counts together and calculated

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

offense levels for each group. With respect to the fraud convictions, the PSR calculated Mr. Clement's base level at six and then recommended (1) a fourteen-level increase for an amount of loss more than $5,000,000 but less than $10,000,000; (2) a two-level increase because the offenses involved more than minimal planning; (3) a four-level increase for affecting a financial institution; and (4) a two-level increase for being an organizer, leader, manager, or supervisor, resulting in a total offense level of twenty-eight. With respect to the money laundering convictions, the PSR calculated Mr. Clement's base offense level at twenty-three and then recommended (1) a five-level increase for a value of funds involved in an international money laundering scheme of more than $1,000,000 but less than $2,000,000 and (2) a two-level increase for being an organizer, leader, manager, or supervisor, resulting in a total offense level of thirty. Applying U.S.S.G. § 3D1.4, the PSR adjusted Mr. Clement's two offense levels to a combined total offense level of thirty-two, which, when coupled with his criminal history category of II, yielded an applicable guidelines range of 135 to 168 months imprisonment.

The district court adopted the recommendations of the PSR and sentenced Mr. Clement in the middle of the guidelines range to 156 months imprisonment on the international money laundering convictions. The court sentenced him to the statutory maximums on his wire fraud and domestic money laundering

convictions, five and ten years, respectively, to be served concurrently with his 156-month term on his international money laundering convictions. Mr. Clement appeals, claiming the district court violated his Sixth Amendment right to a jury trial by imposing a sentence exceeding the maximum authorized solely by the jury's verdict. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005). We affirm.

In *Booker*, the Court held the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. To remedy the guidelines' Sixth Amendment problem, the Court severed and excised 18 U.S.C. § 3553(b)(1), which had required sentencing courts to impose a sentence within the applicable guidelines range, subject to departures in limited cases. *Id*. at 756-57. As a result, the guidelines are now advisory in all cases. *Id*. at 757. In addition, the Court expressly stated that its "interpretation of the Sentencing Act" must be applied "to all cases on direct review." *Id*. at 769. Thus, Mr. Clement's sentence must be evaluated in light of the Court's holding in *Booker*.

Because Mr. Clement did not raise his Sixth Amendment argument in the district court, we review his claim for plain error. FED. R. CRIM. P. 52(b); *see*

*also United States v. Dazey*, 403 F.3d 1147, 1173-74 (10th Cir. 2005). To establish plain error, Mr. Clement must demonstrate that there was (1) error (2) that was plain and (3) that affected his substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (*en banc*). If Mr. Clement satisfies his burden of establishing the first three prongs of the plain error test, we may exercise our discretion to correct the error if it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 469-70 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)); *Gonzalez-Huerta*, 403 F.3d at 732.

There is little doubt Mr. Clement can satisfy the first two prongs of the plain error analysis. First, the district court committed constitutional error when it applied mandatory enhancements to Mr. Clement's sentence as a result of findings concerning: (1) the intended loss amount, (2) Mr. Clement's role in the offenses, (3) the effect of the offenses on a financial institution, and (4) the amount of planning necessary to commit the offenses. *Booker*, 125 S. Ct. at 749 ("Since this fact was found by a judge using a preponderance of the evidence standard, the sentence violated [the defendant's] Sixth Amendment rights."). Second, the error is now "plain" or "obvious." *Johnson*, 520 U.S. at 468 ("where the law at the time of trial [or sentencing] was settled and clearly contrary to the

law at the time of appeal – it is enough that an error be 'plain' at the time of appellate consideration").

In order to demonstrate that an error affected his substantial rights, "a defendant must show a 'reasonable probability' that the defects in his sentencing altered the result of the proceedings." *Dazey*, 403 F.3d at 1175 (citing *United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2339 (2004)). We have held that, in the context of reviewing a constitutional *Booker* error, a defendant may meet this burden in two ways:

> First, if the defendant shows a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence, then the defendant successfully demonstrates that the error below affected his substantial rights . . . Second, a defendant may show that the district court's error affected his substantial rights by demonstrating a reasonable probability that . . . the district court judge would reasonably impose a sentence outside the Guidelines range.

*Id.* It does not appear that, on appeal, Mr. Clement either contends that there was insufficient evidence for a jury to find beyond a reasonable doubt the sentencing-enhancing fact that the district court found by a preponderance of the evidence or that the district court would impose a sentence outside the guidelines range on remand.[1] We need not decide whether Mr. Clement satisfies the third prong of

---

[1] Mr. Clement did not contest the enhancements he received for more than minimal planning or for affecting a financial institution on any basis. Moreover, he challenged the amount of intended loss only to the extent that he claimed the amount was not converted properly from Australian to United States dollars – an

the plain error analysis, however, "because even assuming [his] substantial rights were affected, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Cotton*, 535 U.S. at 632-33; *Johnson*, 520 U.S. at 469-70; *Gonzalez-Huerta*, 403 F.3d at 736 ("We need not determine whether [the defendant] can satisfy this burden because even if he were to meet the third prong, he must also satisfy the fourth prong to obtain relief.").

Mr. Clement has the burden of persuading the court that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Vonn*, 535 U.S. 55, 63 (2002). After the district court determined the applicable guidelines range was 135 to 168 months imprisonment, it opted to sentence Mr. Clement to a 156-month term, stating:

> If you're not sick, I would sentence you to the maximum term, because I think you're incorrigible. I think that you're incorrigible primarily because you don't accept any responsibility. The first step in rehabilitation is acceptance of responsibility, and you shift responsibility to everybody except yourself. And for that reason, I don't think that you can be rehabilitated. I think that you will always be a fraud and a charlatan . . . my prediction is that if you got out, you would do it again, if you were physically able to do so. However, since you are ill, the compromise I reach is that I'll impose a sentence somewhere in the middle of the guideline range.

Rec., vol. XXXI at 30. In other words, the court calculated Mr. Clement's

---

argument that ultimately proved to be incorrect. While Mr. Clement did object to the aggravating role offense enhancement recommended by the presentence report on the basis that his co-defendant, Mr. Wilhite, acted alone and "was never directed by" him, he has abandoned that argument on appeal.

guidelines range, exercised its discretion, and sentenced Mr. Clement more or less in the middle of the applicable range. As a result, any argument that the district court might have sentenced Mr. Clement to a lower term of imprisonment had it understood it had discretion to do so is simply unpersuasive. Because the court decided to increase punishment rather than exercise leniency where it had discretion, there is no basis for us to assume Mr. Clement would receive a lesser sentence if he were resentenced under a discretionary guidelines regime in which the district court is required to "consider" the guidelines when it exercises its discretion. *Booker*, 125 S. Ct. at 764.

Under these circumstances, Mr. Clement has failed to meet his burden of persuading us that the Sixth Amendment error seriously affects the fairness, integrity, or public reputation of judicial proceedings. We therefore decline to exercise our discretion to correct the forfeited error. For the foregoing reasons, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge